# Court of Appeals
## Tenth Appellate District of Texas

---

10-25-00309-CR

---

Deandre Deshawn Brooks,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
82nd District Court of Falls County, Texas
Judge Bryan F. Russ Jr., presiding
Trial Court Cause No. 10055

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Following a contested hearing on the State's motion to adjudicate, the trial court adjudicated Deandre Deshawn Brooks guilty of the offense of evading arrest in a motor vehicle, revoked his community supervision, and sentenced him to five years in prison. Brooks filed a notice of appeal from the judgment adjudicating his guilt.

Appellate counsel has now filed a motion to withdraw and an *Anders* brief in support of the motion asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief demonstrates a professional evaluation of the record for error and he has demonstrated compliance with the other duties of appointed counsel. *See id.* at 744; *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. [Panel Op.] 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407-09 (Tex. Crim. App. 2008). Brooks did not file a *pro se* response to counsel's *Anders* brief.

In reviewing an *Anders* appeal, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Ct. of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the record and counsel's brief, and we find that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Despite finding no reversible error, appointed counsel has presented one issue of nonreversible error regarding court costs. He notes that the judgment lists court costs in the amount of $1,744, while the certified bill of costs reflects court costs in the amount of $404. He requests that this Court modify the

judgment to reflect court costs totaling $404. Though we requested a response from the State on this issue, the State did not file a response.

We review the assessment of court costs on appeal to determine if there is a basis for the cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In our review of the record, we have not found a basis for the assessment of $1,744 in court costs. The supplemental certified bill of costs[1] reflects that the "true and correct account of the cost" in this case is $404. An appellate court has the power to correct a judgment to make the record speak the truth when it has the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Therefore, we modify the judgment to reflect court costs in the amount of $404, and we affirm the judgment as modified.

Counsel's motion to withdraw from representation of Brooks is granted.

STEVE SMITH
Justice

OPINION DELIVERED and FILED: April 23, 2026

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed as modified; Motion granted
Do not publish
CR25



---

[1] The original bill of costs included in the appellate record was for court costs associated with a different trial court cause number and a different defendant. In response to an order of this Court, the trial court clerk supplemented the appellate record with the certified bill of costs applicable to this case.